IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFREY RENFROE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:20-cv-559 |
| CGT U.S. LIMITED | § | |
| | § | Jury Requested |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jeffrey Renfroe ("Plaintiff" herein) brings this lawsuit, presently asserting a claim under the Fair Labor Standards Act ("FLSA") against Defendant CGT U.S. LIMITED and in support thereof shows as follows:

**I.    NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all hours and overtime hours worked. Plaintiff was not compensated at the rate of time and one-half his regular rate of pay when he worked over 40 hours per week, as required by law.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                      Page - 1

## II.   PARTIES

3. Plaintiff Jeffrey Renfroe is an individual who was and is still employed by Defendant within the meaning of the FLSA.  He hereby consents to be a party in this action.

4. Defendant CGT U.S. LIMITED ("CGT" or "Defendant") is a Texas domestic corporation doing business in New Braunfels, Comal County, Texas and can be served with process through its registered agent: Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.  However, a waiver of service will first be requested from Defendant.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV.   COVERAGE

7. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). CGT produces coated fabrics and films for automotive and industrial applications and operates a manufacturing facility in New Braunfels, Texas, where Plaintiff Renfroe is employed.

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

12. Defendant CGT produces coated fabrics and films for automotive and industrial applications and operates a manufacturing facility in New Braunfels, Texas. It is believed Defendant does more than $500,000.00 per year in gross revenues.

13. Plaintiff was employed by Defendant as a Process Engineer and was regularly scheduled to work 40 or more hours in a work week for Defendant. Mr. Renfroe presently works for Defendant as a Process Engineer. He started working for Defendant in November 2017 at a rate of $67,000.00 annually and was later raised to $68,200.00 in June 2019. He and other similar employees did not punch in and out, although he did log into a computer and scanned in and out of his building. He also used a company issued phone that would potentially reflect hours that he worked and times and days he would have responded for company business. Mr. Renfroe generally kept a log of hours.

14. As a Process Engineer, according to Defendant, Renfroe's duties purportedly included "the design, operation, control, and optimization of chemical, physical, and biological processes with a focus on economy, safety, reliability, quality, and sustainability. Renfroe, as well as other members of his process engineering team, was assigned to a specific manufacturing area within the facility and handles projects that are assigned accordingly. Renfroe's process engineering team currently includes three other employees: Gilbert Guerra, hired in January 2017, Ruben

Lujan, hired in February 2017, and Dakota Pebworth, hired in May 2018. Renfroe and the three other individuals in his position report to Process Engineering Manager, Juan Elias, who in turn reports to the Director of Operations, Jim Powell.

15. Mr. Renfroe and other Process Engineers could not hire and fire and their job duties included operation and control which included duties of performing manual labor related to their positions.  They were generally required to work from at least 8am to 530 pm.  Mr Renfroe generally worked from 8am to 6pm, through lunch and sometimes after hours and on weekends.  Based on the schedule alone, he generally worked at least ten hours daily and worked in excess of 40 hours a week.  He is owed on average 10 hours of overtime per week.

16. However, Plaintiff Renfroe was not properly paid for all the time and overtime hours that he worked.  Rather, he was generally paid a salary rate. Mr. Renfroe was not paid proper overtime for at least 10 hours per week at a rate of time and a half for each overtime hour worked.  Based on annual pay of approximately $68, 200 at present, and an estimated hourly rate of at least $32.78, he would be entitled to an average overtime rate of $49.00 hourly and recovery of approximately $490.00 per week in unpaid overtime, an estimate of $25,480.00 in unpaid overtime per year.  It is contended that the FWW formula does not apply in this instance as there was no demonstrable mutual agreement between Plaintiff and Defendant that Plaintiff would be paid a fixed weekly salary regardless of the number of hours worked.

17. It is contended that Plaintiff Renfroe and other similar employees in his position were mis-classified and that he should have been paid an hourly rate pursuant to the FLSA and Department of Labor guidance. Process Engineers should be non-exempt production employees because their work involves "the day-to-day carrying out of the employer's business" and thus falls "squarely on the production side."  They were simply cogs in an assembly line as referenced in applicable caselaw.

18. Under the FLSA, Mr. Renfroe would be entitled to recovery of an estimated $25,480.00 in unpaid overtime per year and a like amount of $25,480.00 in liquidated damages for each respective year.  He would be entitled to recovery of at least two years of unpaid overtime and liquidated damages and three years of recovery if the court finds that the conduct is willful. Estimating a recovery for two and a half years of unpaid overtime from his start in 2017 to the present, Mr. Renfroe would be entitled to recovery of an estimated $63,700.00 in unpaid overtime and $63,700.00 in liquidated damages.

19. It is contended Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

### VI.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

21. Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA. *See Hilton v. Executive Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, *27 (W.D. Tex. June 18, 2009) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases.") (29 U.S.C. section 216 (b)).

## VII.    RELIEF SOUGHT

22. WHEREFORE, cause having been shown, Plaintiff prays for a trial by jury and judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

    c.    For an Order awarding Plaintiff attorneys' fees as provided under 29 U.S.C. section 216 (b); and

    d.    For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

**Respectfully Submitted,**

 /s/ Adam Poncio_____
**ADAM PONCIO**
**State Bar No. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**State Bar No. 2405488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**